IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLENFORD OLANDO SILPOT                                                              PLAINTIFF

    v.    Case No. 2:16-CV-02034

GREG NAPIER, Fort Smith Police Department, Narcotics Unit; ERIC FAIRLESS, Detective, Fort Smith Police Department, Narcotics Unit; FORT SMITH POLICE DEPARTMENT, Narcotics Department; ROBERT McCLURE, Prosecutor for Sebastian County; JUDGE TABER, Sebastian County, Criminal Division    DEFENDANTS

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and in forma pauperis (IFP).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**I. BACKGROUND**

Plaintiff filed his complaint on February 24, 2016. (Doc. 1, p. 2). At the time he filed this action, Plaintiff was incarcerated at the Sebastian County Jail in Fort Smith, Arkansas. (Doc. 1, p.

2).  Plaintiff named as defendants in this case the following individuals: Greg Napier, a policeman for the Fort Smith Police Department's narcotics unit; Detective Eric Fairless, a detective for the Fort Smith Police Department's narcotics unit; Judge Taber, a Circuit Judge for Sebastian County, criminal division; Robert McClure, a prosecuting attorney in Sebastian County; and Fort Smith Police Department, narcotics department.  (Doc. 1, pp. 2-3).

In his complaint, Plaintiff alleges that his Fourth Amendment constitutional rights have been violated by the execution of a fraudulent search warrant dated October 8, 2015.  (Doc.1, p. 12).  Plaintiff alleges that the search warrant was not signed by judge order and was not in relation to the items seized from his residence.  (Doc. 1, p. 12).  Specifically, the warrant was signed for another residence on the same street and then later fraudulently duplicated.  (Doc. 1, p. 16).  The duplicated search warrant did not pertain to the Plaintiff's address, 2716 Neis St, Fort Smith, Arkansas 72906.  (Doc. 1, p. 16).

With respect to Defendant Detective Greg Napier, Plaintiff alleges that the Defendant issued a false arrest warrant that contained false accusations, which led to the false arrest of the Plaintiff.  (Doc. 1, p. 4).  During this allegedly illegal arrest, the Defendant used excessive force when he stepped on the Plaintiff's back and "excessive hand cuff Plaintiff."  (Doc. 1, p. 4). Plaintiff alleges that because this Defendant illegally searched his residence, he lost everything of value that was within that residence.  (Doc. 1, p. 5).  Plaintiff further alleges that the Defendant issued to him, while in custody at the Sebastian County Jail, a duplicate search warrant dated October 8, 2015, sworn by Detective Eric Fairless.  (Doc. 1, p. 16).  This duplicate search warrant did not pertain to the Plaintiff's address, 2716 Neis St., Fort Smith, Arkansas 72906.  (Doc. 1, p. 16).  Plaintiff alleges that Detective Napier attached an unsigned evidence sheet to this duplicated search warrant in order to cover up illegal search and seizure procedures used by the Defendant.

(Doc. 1, p. 19).

With respect to Defendant Detective Eric Fairless, Plaintiff alleges that the Defendant swore to a fraudulent search warrant dated October 8, 2015. (Doc. 1, p. 1). On this date, the Defendant gave a sworn affidavit to Sebastian County Criminal Judge Taber containing false accusations about the Plaintiff and his residence. (Doc. 1, p. 6). As a result of the Defendants' sworn oath, Sebastian County Narcotics unit executed an illegal search warrant, with respect to the Plaintiff's residence, which resulted in loss of Plaintiff's residence and other property illegally seized. (Doc. 1, p. 6). Plaintiff further alleges, that this Defendant's sworn testimony led to false charges being filed against him and a false arrest. (Doc. 1, p. 6).

Regarding Defendant Judge Taber, the Plaintiff alleges that the Defendant issued an illegal search warrant to Detective Eric Fairless and later Greg Napier dated October 8, 2015. (Doc. 1, pp. 6-7). Each of these warrants contained inconsistences with respect to the Plaintiff's residence address and the evidence to be seized. (Doc. 1, p. 7). This resulted in the Plaintiff being falsely imprisoned, at the Sebastian County Jail, for four (4) months. (Doc. 1, p. 7).

As for the Defendant Fort Smith Police Department's narcotics unit, the Plaintiff alleges that the Defendant was negligent in accompanying Greg Napier and Detective Eric Fairless in carrying out an illegal search of the Plaintiff's residence. (Doc. 1, p. 8). Detective Eric Fairless and Greg Napier are both members of the Fort Smith Police Department's narcotics department.

Finally, with respect to Defendant Robert McClure, prosecuting attorney, Plaintiff alleges the Defendant had prior knowledge of the two illegal search warrants and the inconsistences they contained. (Doc. 1, p. 9). Plaintiff further alleges that Defendant Robert McClure failed to produce any physical evidence to support his claim that Plaintiff was in control of more than 2 grams but less than 10 grams of a schedule II controlled substance. (Doc. 1, p. 8). Plaintiff alleges Defendant

Robert McClure failed to respond to Plaintiff's discovery requests for evidence in support of the allegations against him. (Doc. 1, p. 8). Lastly, Plaintiff alleges that the Defendant was negligent in falsely imprisoning the Plaintiff. (Doc. 1, p. 9).

Plaintiff also alleges that his constitutional rights have been violated by an illegal deprivation of his liberty. Plaintiff states that due to the execution of an illegal search warrant, by Detectives Eric Fairless and Greg Napier, which lead to an illegal arrest, the Plaintiff's probation was revoked. (Doc. 1, p. 4). The Plaintiff alleges that due to his false imprisonment, he lost everything of value, including his residence, everything inside his residence, and his vehicle. (Doc. 1, p. 6).

Plaintiff proceeds against all Defendants in both their official and personal capacities. As relief, Plaintiff seeks "both mental/physical damage[s]. There's no State [of] Arkansas evidence [produced by the] laboratory results on 10-7-15. 10-8-15, charges [for] two search warrants [and] illegal residence invasion. [Resulting in,] Confinement, residence/ vehicle gone." (Doc. 1, p. 10).

From this the Court infers that the Plaintiff seeks compensatory damages for all seized property inside the residence, for the residence, and for mental and physical damage caused due to the illegal search and arrest. The Court further infers that Plaintiff is requesting that all charges as the result of the illegal search be dropped due to a lack of evidence produced by the State.

## II.    ANALYSIS

### A.    Personal Capacity Claims

Plaintiff's complaint against prosecuting attorney Robert McClure is subject to dismissal. As a prosecuting attorney, Defendant Robert McClure is immune from suit. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity protects the

prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id.* at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis,* 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized." (internal quotation omitted)).

Plaintiff's complaint against Judge Taber is subject to dismissal. A judge is subject to absolute immunity when acting in his judicial capacity. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of [his] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Plaintiff's complaint against Fort Smith Police Department's narcotics department is subject to dismissal. The Fort Smith Police Department is not a "person" or a legal entity subject to suit under §1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) ("jail is not an entity that is

amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

Plaintiff alleges the false accusations lead to his incarceration on a probation violation. He also requests the dismissal of pending charges against him. (Doc. 1, pp., 11, 15). Thus, Plaintiff clearly challenges the fact and duration of his confinement. Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

To the extent Plaintiff's statement regarding mental and emotional damages could be construed as a claim for damages from false arrest or illegal search and seizure, his claims are premature at this time. A § 1983 claim that would necessarily imply the invalidity of his confinement is premature if the confinement is not first called into question by the appropriate state or federal remedy. *Heck,* 512 U.S. at 486–87; *see also Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014) (holding that *Heck* applies to section 1983 challenges to parole revocations regardless if the plaintiff remains incarcerated); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (the plaintiff's § 1983 claim for denial of parole was dismissed because the plaintiff did not first challenge his continued confinement through the appropriate state or federal remedies). Here, Plaintiff's pending methamphetamine charges and probation revocation are based upon evidence gathered by the allegedly illegal search and seizure; therefore, his § 1983 claim would necessarily imply the invalidity of his confinement. *See e.g. Moore v. Sims,* 200 F.3d 1170, 1172 (8th Cir.

2000) (when Plaintiff was convicted of drug possession, his § 1983 claim that the drugs were "planted" by officers was barred by *Heck*, but his claim that his initial stop and later detention at a detoxification center were without probable cause could proceed). In the event Plaintiff's pending charges do not result in a conviction, or his conviction is reversed on appeal, he could proceed with a § 1983 claim for false arrest and illegal search and seizure at that time.

Further, pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 Fed. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("federal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.") (internal quotations omitted)). Based on Plaintiff's complaint, there is an ongoing state criminal proceeding against him, and he has not made any allegation that could be construed as exceptions to the *Younger* abstention doctrine. He must, therefore, raise his claim of illegal search and seizure in his state court criminal proceeding.

Plaintiff failed to state a cognizable claim against Defendant Napier for excessive force during arrest. Plaintiff alleges only that Defendant Napier stepped on his back and "excessive hand cuff Plaintiff." "An 'actual injury' must be shown to support an excessive force claim under the Fourth Amendment." *Hanig v. Lee*, 415 F.3d 822, 824 (8th Cir. 2005) (quoting *Dawkins v.*

7

*Graham,* 50 F.3d 532, 535 (8th Cir. 1995)). "For the application of handcuffs to amount to excessive force, there must be something beyond minor injuries." *Id.* (citing *Crumley v. City of St. Paul,* 324 F.3d 1003, 1008 (8th Cir. 2003)). Plaintiff alleged no actual injuries from Napier's actions during his arrest.

Finally, Plaintiff failed to state a cognizable claim under § 1983 for his alleged property loss. Even if the deprivation of his property was intentional, Plaintiff has adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Accordingly, because Plaintiff could seek redress in Arkansas state courts for his claim of lost property, he has no claim pursuant to § 1983 in this regard.

### B.     Official Capacity Claims

Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112

> S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir. 1998). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

Plaintiff did not make any allegations concerning a custom or policy of Sebastian County or Fort Smith Police Department's narcotics division which violated his rights   He therefore failed to state a cognizable official capacity claim.

IT IS THEREFORE ORDERED that Plaintiff's claims against Separate Defendants Robert McClure and Judge Taber are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's complaint (Doc. 1) is otherwise DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 26th day of October, 2016.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

9